# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROSLYN DAVIS** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-488 |
| v. | : | (JUDGE MANNION) |
| **ANDREW M. SAUL**[1] | : | |
| Defendant | : | |

## ORDER

Presently before the court is the report and recommendation ("Report") of Magistrate Judge Joseph F. Saporito, Jr. wherein he recommends that the Commissioner of Social Security's decision be vacated and that this case be remanded for rehearing before a different Administrative Law Judge ("ALJ"). (Doc. 22). No party has filed objections to the Report.

Where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson*

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. See Fed.R.Civ.P. 25(d).

*v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.3.

The plaintiff's administrative hearing was conducted by ALJ Paula Garrety on January 18, 2018. (Doc. 8-2, at 41). On March 1, 2018, ALJ Garrety issued a decision denying the plaintiff's request for disability insurance benefits. (Doc. 8-2, at 18-36). Nearly four months later, on June 21, 2018, the United States Supreme Court held that an ALJ of the Securities and Exchange Commission qualifies as an "Officer of the United States" subject to the Appointments Clause of the United States Constitution. Lucia v. S.E.C., 138 S.Ct. 2044 (2018). Then, on July 13, 2018, in response to Lucia, the President of the United States of America issued an executive order concluding that "at least some—and perhaps all—ALJs are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause, which governs who may appoint such officials. Exec. Order No. 13,843, 83 Fed. Reg. 32,755 (July 13, 2018). A few days later "the Acting Commissioner of Social Security conceded the premise and in short order reappointed the agency's administrative judges . . . under her own

authority." Cirko *ex rel.* Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 152 (3d Cir. 2020); see Soc. Sec. Ruling 19-1p, 2019 WL 1324866 at *2.

In short, at the time ALJ Garrety conducted a hearing and issued a final decision, on behalf of the Commissioner, denying plaintiff disability insurance benefits, she was not properly appointed under the Appointments Clause of the United States Constitution and, therefore, the plaintiff is entitled to a new hearing before a different, constitutionally appointed ALJ. See Cirko, 948 F.3d at 159 (affirming the district court's decision and remanding cases "to the Social Security Administration for new hearings before constitutionally appointed ALJs other than those who presided over Appellees' first hearings.").

The court has reviewed Judge Saporito's assessment of the instant case and agrees with the sound reasoning which led him to the conclusions in his Report. Moreover, the court finds no clear error on the face of the record. As such, the court adopts the reasoning of Judge Saporito as the opinion of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** Judge Saporito's Report (Doc. 22) is **ADOPTED IN ITS ENTIRETY**;

**(2)** the plaintiff's appeal of the final decision of the Commissioner denying her claim for disability insurance benefits (Doc. 1) is **GRANTED**, and the Commissioner's decision is **VACATED**;

**(3)** this case is **REMANDED** to the Commissioner for a new hearing before a different, constitutionally appointed ALJ, other than ALJ Paula Garrety, and to issue a new decision as to the plaintiff's claim for disability insurance benefits; and

**(4)** the Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 28, 2020**
19-488-01